UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ONORIODE NYARO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KENNETH CABRAL, )<br>)<br>Defendant. )<br>) | Case No. 16-cv-11900-LTS |

ORDER ON MOTION TO DISMISS (DOC. 7)

March 7, 2017

SOROKIN, J.

On September 23, 2016, Plaintiff Onoriode Nyaro filed a *pro se* Complaint alleging that, in 2014, he lost employment due to hostile behavior by Defendant Kenneth Cabral, who appears to have been Plaintiff's co-worker.  Doc. 1.  Plaintiff asserts this Court "has jurisdiction over this matter pursuant to 28 U.S.C. § 1332."  Id. at 1.  He does not assert any other basis for jurisdiction.  Defendant has moved to dismiss on the ground that none of the requirements of diversity jurisdiction under § 1332 are satisfied.  Doc. 7 at 2-3.

Section 1332 only "empower[s] federal district courts to adjudicate civil actions between citizens of different States where the amount in controversy exceeds $75,000."  Wachovia Bank v. Schmidt, 546 U.S. 303, 306 (2006) (citation and internal quotation marks omitted).  The Complaint states that Plaintiff and Defendant are both from Massachusetts, and fails to state the amount in controversy.  Doc. 1.  Thus, the Complaint fails to satisfy § 1332, and the Court may not exercise diversity jurisdiction.

That said, construing Plaintiff's *pro se* Complaint liberally, Erickson v. Pardus, 551 U.S. 89, 94 (2007), Plaintiff appears to be asserting he was the victim of employment discrimination and/or a hostile work environment under Title VII, 42 U.S.C. § 2000e.  The Court would have jurisdiction over a Title VII claim, even if the parties are not citizens of different states.  If he wishes, Plaintiff may file an amended complaint stating such a claim or some other federal claim.[1]

Accordingly, the Court ALLOWS the Motion to Dismiss (Doc. 7) and DISMISSES the Complaint with leave to file an amended complaint by **March 28, 2017**.  If Plaintiff does not file a sufficient amended complaint by that date, the Court will dismiss this case without prejudice.

SO ORDERED.

  /s/ Leo T. Sorokin          
Leo T. Sorokin
United States District Judge

---

[1] Ordinarily, a plaintiff must exhaust his administrative remedies – by filing a complaint with the Equal Employment Opportunity Commission within 300 days following the occurrence of the alleged unlawful employment practice – before proceeding under Title VII in federal court.  Frederique-Alexandre v. Dep't of Nat. & Envtl. Res. Puerto Rico, 478 F.3d 433, 440 (1st Cir. 2007); Araujo v. UGL Unicco-Unicco Operations, 53 F. Supp. 3d 371, 379 (D. Mass. 2014).